# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| YVETTE LOPEZ CARPINTERO, *Plaintiff* | § § § | |
| v. | § § | Case No. 1:23-CV-01319-RP-SH |
| THE PARKING COMPLIANCE SOLUTION, *Defendant* | § § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Yvette Lopez Carpintero's Complaint and (Dkt. 1) and Application to Proceed *In Forma Pauperis*, filed October 30, 2023 (Dkt. 2); Application for Permission to File Electronically, filed on October 30 and November 6, 2023 (Dkts. 3, 6); and Motion for a Confidentiality and Protective Order, filed November 6, 2023 (Dkt. 7). The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

## I.   General Background

Plaintiff Yvette Lopez Carpintero filed this lawsuit against Defendant The Parking Compliance Solution on October 30, 2023 and filed a Supplement to her Complaint on October 31, 2023. Dkts. 1, 5. Plaintiff, who is proceeding *pro se*, alleges that Defendant unlawfully towed her vehicle on June 30, 2023 and refused to release it despite a state court order to do so. Dkt. 1 at 1; Dkt. 5-1 at 7-9. Plaintiff does not state what relief she seeks. Dkt. 1.

## II.  Application to Proceed *In Forma Pauperis*

After reviewing Lopez Carpintero's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Lopez Carpintero *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Lopez Carpintero is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendant should be withheld pending the District Court's review of these recommendations.

## III.  Application for Permission to File Electronically

Plaintiff asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 3) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If she has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

### IV.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters designated by Congress or the Constitution. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). If a court determines that it lacks subject matter jurisdiction over an action, it must dismiss the action. FED. R. CIV. P. 12(h)(3). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Plaintiff's lawsuit is frivolous because the Court lacks subject matter jurisdiction over her claims.

A federal court has original diversity jurisdiction over an action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Plaintiff marks in the cover sheet to her Complaint that she is a citizen of Texas, but she does not allege that the amount in controversy exceeds $75,000 or that Defendant is a citizen of a different state. Dkt. 1-1. Plaintiff has not shown that the Court has diversity jurisdiction over her claims.

3

A federal court has original federal question jurisdiction over any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges that Defendant unlawfully towed her vehicle and refused to release it despite a state court order to do so. Plaintiff states that jurisdiction is based on a federal question, but does not describe how unlawful towing or failure to comply with a state court order violate federal law. Dkt. 1 at 1. Plaintiff marked on the cover sheet to her Complaint that her claims arise under the Americans with Disabilities Act, but alleges no act of discrimination or the existence of a disability. Dkt. 1-1. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (stating that a claim for relief under the ADA requires a plaintiff to allege a qualifying disability and denial of benefits or other discrimination by a public entity based on that disability). The Court does not have federal question jurisdiction over Plaintiff's claims.

## V. Order and Recommendation

The Court **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 2) and First Application for Permission to File Electronically (Dkt. 3).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS** as **MOOT** Plaintiff's Second Application for Permission to File Electronically (Dkt. 6) and Motion for Confidentiality and Protective Order (Dkt. 7).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 30, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5